IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

BOBBY A. ERVIN, and
T.E., a minor child,                    CAUSE NO. CV 08-122-M-DWM-JCL

                    Plaintiffs,      ORDER, and
                                     FINDINGS AND RECOMMENDATION
          vs.                        OF U.S. MAGISTRATE JUDGE

LISA MICHELLE ESTOPARE,

                    Defendant.
_____

## I.  INTRODUCTION

     Pending before the Court is Defendant Lisa Estopare's
("Estopare") Motion to Dismiss for lack of jurisdiction under
Fed. R. Civ. P. 12(b)(1), or, in the alternative, for failure to
state a claim upon which relief can be granted under Fed. R. Civ.
P. 12(b)(6).  Estopare also requests that the Court impose
sanctions on Plaintiffs Bobby Ervin ("Ervin") and T.E. under Fed.
R. Civ. P. 11 for filing this allegedly frivolous action.

     By Order entered October 6, 2008, the Court afforded both
parties additional time to file any affidavits or evidentiary
materials they may have in support of their respective positions
relative to Estopare's motion to dismiss.  Having reviewed the
briefs, the matters of public record submitted by the parties,

and their affidavits, the Court finds it appropriate to recommend that Estopare's motion be denied.

## II.  BACKGROUND ALLEGATIONS

Ervin and Estopare are former husband and wife whose marriage was dissolved by a final divorce decree entered in Mississippi state court on May 30, 2007.  Two children, T.E. and B.E., were born to the marriage, both of whom are minors. According to the allegations of the Verified Complaint, the referenced divorce decree awarded custody of T.E. to Ervin and custody of B.E. to Estopare, with each parent granted rights of visitation with both children.  *See* Aff. of Lisa Michelle Estopare (October 30, 2008), Ex. A.  Since the divorce the parties have been engaged in the endless turmoil which all to often accompanies divorce and custody disputes.

In his latest foray in the courts, Ervin brings this action individually, and on behalf of T.E.,[1] seeking to recover damages for Estopare's allegedly tortious conduct in interfering with their rights of visitation with B.E. as established in the Mississippi decree.  Specifically, Ervin and T.E. allege Estopare

---

[1]Pursuant to Order entered December 2, 2008, Ervin and T.E. have until December 16, 2008, to advise the Court whether they have retained counsel to represent T.E. in this matter.  If not, T.E.'s claims are subject to dismissal without prejudice as stated in the referenced Order.   Pending further notification from the Plaintiffs, however, the Court will construe this action as brought by both Ervin and T.E.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 2

has tortiously interfered with their "contact and socialization with B.E.[,]" has destroyed their relationship with B.E., and has caused Ervin and T.E. to suffer emotional distress.  Verified Complaint at 2.  Ervin invokes the diversity jurisdiction of this Court under 28 U.S.C. § 1332(a)(1).

## III.  APPLICABLE LAW - RULE 12(b)(1)

Estopare's pending motion is filed under Fed. R. Civ. P. 12(b)(1).  A defendant may pursue a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) either as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations.  *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  A facial challenge to the jurisdictional allegations is one which contends that the allegations "are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id*.

Resolution of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  In a facial challenge the court must assume the allegations in the complaint are true and it "must

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 3

draw all reasonable inferences in [plaintiff's] favor."  *Id*.
Additionally, as here, where a plaintiff is proceeding pro se,
the court must liberally construe the allegations in the
complaint.  *Id*.

Whether a motion to dismiss is construed as a facial or a
factual challenge, however, could depend on how the movant
presents the motion.  A moving party could convert "the motion to
dismiss into a factual motion by presenting affidavits or other
evidence properly brought before the Court."  *Safe Air for
Everyone*, 373 F.3d at 1039 (quoting *Savage*, 343 F.3d 1039 n.2).
If a defendant asserts a factual challenge to the court's
jurisdiction then the court may look to matters beyond the
complaint, and the court "need not presume the truthfulness of
the plaintiff['s] allegations."  *White v. Lee*, 227 F.3d 1214,
1242 (9th Cir. 2000).  Once a moving party has raised a factual
challenge to the jurisdictional allegations of a pleading, the
party opposing the motion must present affidavits or other
evidence "necessary to satisfy its burden of establishing that
the court, in fact, possesses subject mater jurisdiction."  *St.
Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

As described herein, the parties have filed affidavits and
other documents of public record which are properly before the
Court.  Therefore, the Court will treat Estopare's motion as a
factual challenge to jurisdiction.  Regardless of how Estopare's

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 4

motion is characterized, however, it lacks merit and should be denied.

## IV.  DISCUSSION

### A.  Diversity Jurisdiction - Domestic Relations Exception

For any lawsuit to proceed in federal court the district court must have jurisdiction over the claims.

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]... [Generally,] [i]t is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

In this case, Ervin and T.E.'s Verified Complaint asserts that jurisdiction exists based on diversity of citizenship under 28 U.S.C. § 1332(a)(1).  Nonetheless, they bear the burden of proving jurisdiction when, as here, jurisdiction is challenged by a defendant under Fed. R. Civ. P. 12(b)(1).  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

In view of Ervin and T.E.'s assertion of diversity jurisdiction, Estopare's motion to dismiss is premised on the "domestic relations exception" to diversity jurisdiction.  The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees."

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 5

*Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).  In accordance
with the exception, the "federal courts should decline
jurisdiction of cases concerning domestic relations when the
primary issue concerns the status of parent and child or husband
and wife."  *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir.
1983) (citations omitted).

Estopare asserts that Ervin and T.E.'s allegations invoke
the domestic relations exception because she believes this action
is "essential[ly] a custody dispute[]" which Ervin and T.E. have
inappropriately "transformed" into a tort action.  Estopare's
Memo. in Support of Mot. to Dismiss (October 31, 2008) at 1.
Estopare states that the parties are already currently involved
in two ongoing state court cases in which the parties are
litigating their custody and visitation rights with respect to
T.E. and B.E.  In support of her motion, Estopare has submitted
copies of pleadings and other documents filed in those two cases,
one of which is proceeding in the Superior Court of Arizona,
Mohave County, in the State of Arizona, and the other case is
filed in the Montana Twentieth Judicial Court, Sanders County, in
the State of Montana.  Estopare Aff., Exs. B through G.

Upon review of the state court documents submitted by
Estopare, the Court finds the documents do not support Estopare's
assertion that the domestic relations exception applies to this
action.  In fact, the documents do not bear upon the issue of the

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 6

Court's exercise of jurisdiction over the instant action.
Instead, the documents merely confirm that Ervin and Estopare are
engaged in ongoing litigation in the state courts of Arizona and
Montana with respect to the parties' efforts to modify their
respective rights relative to child custody, visitation,
parenting plans, and child support payments.  The fact that the
parties are engaged in domestic relations litigation in other
courts, however, does not establish that this action is also a
domestic relations case.[2]

The domestic relations exception to diversity jurisdiction
is narrowly limited to only those cases involving "divorce,
alimony, or child custody" determinations.  *Ankenbrandt*, 504 U.S.
at 704; *See also McIntyre v. McIntyre*, 771 F.2d 1316, 1317-18
(9th Cir. 1985).  The exception, therefore, does not preclude a
federal court from exercising its jurisdiction under 28 U.S.C. §
1332 over state law claims alleging tortious interference with
custodial rights.  *McIntyre*, 771 F.2d at 1318.  Where a plaintiff
seeks recovery of compensatory damages from a former spouse for
his or her breach of, or tortious interference with, visitation
rights, and the claim "does not implicate questions of spousal or

---

[2]Significantly, the parties' Arizona and Montana court cases
do not include Ervin and T.E.'s claims to compensatory damages
caused by Estopare's alleged tortious interference with any rights
established in the those cases.  Rather, as discussed below, Ervin
and T.E.'s specific claims of tortious interference are
appropriately presented under the jurisdiction of this Court.

parental status[,]" then the domestic relations exception is
inapplicable.  *Id*.  The federal court may exercise jurisdiction
over such actions because:

> The primary issue concerns not the status of parent and
> child but rather the injury suffered by plaintiff as a
> result of his former wife's alleged interference with his
> court-ordered visitation rights and the concomitant
> alienation of his daughter's affections.

*McIntyre*, 771 F.2d at 1318.

Contrary to Estopare's arguments, Ervin and T.E.'s claims
advanced in this action fall outside the limited scope of the
domestic relations exception to this Court's jurisdiction.
Estopare's motion is defectively premised on her
mischaracterization of Ervin and T.E.'s claims as asserting
custody, visitation, and parenting issues which they seek to
litigate through this action.  Properly construed, their claims
do not seek to litigate parental, custodial, or visitation
rights, to challenge or modify any existing custodial or
visitation decree, to enforce any decree, or to challenge the
validity of any prior decree.  *See McIntyre*, 771 F.2d at 1318.
Ervin and T.E.'s claims instead seek compensation for Estopare's
alleged interference with their established visitation rights,
and their relationship with B.E.  They allege Estopare has
tortiously interfered with their established rights under an
existing custody and visitation decree.  Such claims are

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 8

sufficient to establish the existence of diversity jurisdiction. *McIntyre*, 771 F.2d at 1317-18.

Based on the foregoing, the domestic relations exception is inapplicable in this case, and it does not divest the Court of jurisdiction over this matter.  *See Ankenbrandt*, 504 U.S. at 704 (concluding the plaintiff's allegations that her former spouse committed torts against her and their children did not invoke the domestic relations exception and, thus, diversity jurisdiction was proper).

### B.  <u>Failure to State a Claim for Relief</u>

As to Estopare's alternative assertion that the Complaint should be dismissed for failure to state a claim, the Court notes that Estopare presents no reasoned argument or citation to legal authority that supports her position that Ervin and T.E. have not stated a claim for relief cognizable under Montana law.  At the very least, the allegations of the Verified Complaint state a claim for negligent infliction of emotional distress caused by Estopare's alleged interference with Ervin and T.E.'s visitation rights cognizable under Montana law.  *See Sacco v. High Country Independent Press, Inc.*, 271 Mont. 209, 234, 896 P.2d 411, 426 (1995) and *Renville v. Fredrickson*, 2004 MT 324, ¶¶ 11-13, 324 Mont. 86, ¶¶ 11-13, 101 P.3d 773, ¶¶ 11-13.

Based on the foregoing, the Court hereby enters the following:

**RECOMMENDATION**

Estopare's Motion to Dismiss should be **DENIED.**

**THEREFORE, IT IS HEREBY ORDERED** that Estopare's request for sanction under Fed. R. Civ. P. 11 is **DENIED.**

DATED this 10th day of December, 2008.


                                  /s/ Jeremiah C. Lynch
                                  Jeremiah C. Lynch
                                  United States Magistrate Judge


ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 10